NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GLADSTONE GREGG, *Plaintiff/Appellant*,

*v.*

HASSAYAMPA WATER CO-OP INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0282

FILED 01-13-2026

Appeal from the Superior Court in Maricopa County
No. CV2023-004785
The Honorable Randall H. Warner, Judge

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

COUNSEL

Greenberg & Traurig, LLP, Phoenix
By Louis D. Lopez
*Counsel for Plaintiff/Appellant*

Medalist Legal PLC, Chandler
By Patrick T. Nackley, Devin M. Tarwater
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined.

---

**F U R U Y A**, Judge:

¶1        Gladstone Gregg ("Gregg") appeals the superior court's grant of judgment on the pleadings in favor of Timothy Henline, Diane Henline, and Hassayampa Water Co-Op, Inc. (collectively "Hassayampa").[1] Gregg also appeals the court's award of attorneys' fees. For the following reasons, we affirm in part and vacate and remand in part.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2        In August 1981, property owners of certain land within an 80-acre subdivision in Tonopah entered into an Agreement for Cooperative Production and Distribution of Domestic Water Supply (the "1982 Water Agreement"). The following year, the property owners also formed the Hassayampa Water Co-Op ("1983 Co-Op") and entered into another agreement to create a jointly owned and operated water system. The 1983 Co-Op was administratively dissolved in November 2010 for failure to file an annual report. Pursuant to Arizona Revised Statutes ("A.R.S.") Section 10-11422, the 1983 Co-Op had six years from its administrative dissolution to be reinstated before it would be permanently dissolved. No paperwork was ever filed with the Arizona Corporation Commission reinstating the 1983 Co-Op.

¶3        Gregg acquired a general warranty deed from the Bruehl Family Trust (the "Trust") for ten acres of the subdivision and recorded his

---

[1]        Gregg also named Pablo Escobedo, aka Pablo E. Ortega, Daniel Wylie, and Julie Wylie as defendants, but none of those parties joined the motion for judgment on the pleadings, and thus are not parties to this appeal.

[2]        In reviewing a grant of judgment on the pleadings, "[w]e accept the allegations of the complaint as true." *Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197 ¶ 7 (App. 2017).

deed in July 2010. After a dispute arose between Gregg and the 1983 Co-Op, the Co-Op sued Gregg in 2015 and sought to enjoin Gregg from accessing the water system's well, pump, and distribution lines (the "water system") and to declare that Gregg was not a member of the Co-Op. While litigation was still in progress, in March 2016, Gregg received a "Corrective Deed" from the Trust, which added a line conveying a one-eighth interest in the 1983 Co-Op to Gregg. The next month, the court granted the 1983 Co-Op's motion for summary judgment and found that Gregg was not a member of the Co-Op. We affirmed this judgment in October 2017. *Henline v. Gregg*, 1 CA-CV 16-0524, 2017 WL 4638258 (Ariz. App. Oct. 17, 2017) (mem. decision).

¶4 In December of that same year, Gregg received an "Assignment of Membership Interest" from the Trust, which assigned the Trust's membership interest in the 1983 Co-Op and the Co-Op agreement to Gregg. The Trust later alleged that the Corrective Deed and Assignment of Membership Interest were both fraudulent, so Gregg sued the Trust in another lawsuit, and the court found in his favor in March 2022.

¶5 A second Co-Op ("2017 Co-Op") was formed in August 2017 but was administratively dissolved in 2021 for failure to file an annual report. In September 2022, Gregg sent a letter to Hassayampa—which claims successorship from both the 1983 Co-Op and the 2017 Co-Op—asking it to acknowledge his interest in the water system. Hassayampa did not respond, so Gregg filed this lawsuit in March 2023.

¶6 Gregg sought declaratory relief under two alternate theories. First, he argued the 1982 Water Agreement grants reversionary rights to the subdivision landowners if the water system is abandoned, which occurred when the 1983 Co-Op was permanently dissolved in November 2016.[3] Second, Gregg argued that if the 2017 Co-Op is reinstated—meaning the water system belongs to the 2017 Co-Op as successor to the 1983 Co-Op and has not been abandoned—he is entitled to a one-eighth interest because of the Corrective Deed and Assignment of Membership Interest.

¶7 In September 2024, Hassayampa filed a motion for judgment on the pleadings pursuant to Arizona Rules of Civil Procedure 12(c) and argued Gregg's claims are barred by the statute of limitations, claim preclusion, and issue preclusion. After hearing oral argument, the court

---

[3] We express no opinions as to the interpretation of the 1982 Water Agreement, an issue which is not before us on appeal.

granted Hassayampa's motion and awarded Hassayampa $56,441.97 in attorneys' fees and costs.

**¶8** Gregg timely appealed and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. Section 12-2101(A)(1).

## DISCUSSION

**¶9** Gregg argues the court erred by (1) relying on facts opposite of those in his complaint and subsequently finding the statute of limitations barred his claim under the 1982 Water Agreement; (2) finding that the 2015 lawsuit precluded his claim of reversionary rights; and (3) awarding attorneys' fees that covered work unrelated to the motion for judgment on the pleadings.

## I.    Motion for Judgment on the Pleadings

**¶10** "A motion for judgment on the pleadings pursuant to Arizona Rule of Civil Procedure 12(c) tests the sufficiency of the complaint, and judgment should be entered for the defendant if the complaint fails to state a claim for relief." *Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197 ¶ 7 (App. 2017) (citation modified). Although we accept the complaint's factual allegations as true, we review the court's legal determinations de novo. *Id.*

### A.    Gregg's Reversionary Rights Claim Is Timely, But His Claim Under the Corrective Deed and Assignment of Membership Interest Is Waived.

**¶11** Hassayampa's first defense is that Gregg's claim is barred by a statute of limitations. The applicable statute of limitations for a declaratory relief action is determined by "examin[ing] the substance of the action to identify the relationship out of which the claim arises and the relief sought." *Deutsche Bank Nat'l Trust Co. v. Pheasant Grove LLC*, 245 Ariz. 325, 330 ¶ 17 (App. 2018) (citation modified). After identifying the applicable limitations period, it must then be determined when the cause of action accrued. *City of Chandler v. Roosevelt Water Conservation Dist.*, 258 Ariz. 403, 411 ¶ 34 (App. 2024). Declaratory relief may be sought at "the moment a justiciable controversy existed[,]" but the existence of a justiciable controversy is not "when an action accrues for purposes of a period of limitations . . . ." *Western Cas. & Sur. Co. v. Evans*, 130 Ariz. 333, 336 (App. 1981). Rather, a cause of action accrues when there is a breach of contract or an injury. *Id.*; *Canyon del Rio Investors, L.L.C. v. City of Flagstaff*, 227 Ariz. 336,

341 ¶ 20 (App. 2011). Further, the "statute of limitations is tolled until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Satamian v. Great Divide Ins. Co.*, 257 Ariz. 163, 170 ¶ 13 (2024) ("The ability to identify that a wrong occurred and caused injury is sufficient.") (citation modified).

¶**12**         Hassayampa contends the substance of this action is a "recognition of rights to and access to a well and/or trespass to a property interest," thus establishing a two-year or four-year limitation period under A.R.S. Sections 12-542 or -550. Gregg does not identify an applicable limitation period. The parties also disagree on when Gregg's cause of action accrued. Gregg argues accrual did not occur until September 2022 when Hassayampa ignored Gregg's letter demanding recognition of his rights. Hassayampa argues accrual occurred either in November 2016 when the 1983 Co-Op permanently dissolved and "the alleged injury . . . was complete," or, at the latest, in 2018 when the 2017 Co-Op refused to recognize Gregg's rights to the water system. The court found that Gregg's cause of action accrued in "late 2017 or early 2018," and Gregg's assertion of a reversionary right through the 2021 administrative dissolution of the 2017 Co-Op did not reset the statute of limitations or give Gregg a new claim.

¶**13**         We reject Hassayampa's argument that accrual occurred in November 2016 because there is no fact in the pleadings that establishes an injury before 2022. Gregg's reversionary rights theory is based on the 1982 Water Agreement and the 1983 Co-Op's abandonment of the water system upon its permanent dissolution. Because the pleadings establish that the 1983 Co-Op did not permanently dissolve—and thus abandonment and reversion could not have occurred—until November 2016, Gregg could not suffer an injury to his reversionary rights until then. Moreover, for this cause of action to accrue, Gregg would have needed to have made a demand asserting his reversionary rights per the 1982 Water Agreement and have that demand denied. Though there is a lengthy litigation history between the parties, it relates to Gregg's claims to and under the 1983 Co-Op instead of under the 1982 Water Agreement's reversion clause. There are no facts in the pleadings that can be construed as assertion and denial of rights under the 1982 Water Agreement until Hassayampa ignored Gregg's September 2022 letter.

¶**14**         When construing a motion for judgment on the pleadings, we view all reasonable inferences in favor of the non-moving party. *Luchanski v. Congrove*, 193 Ariz. 176, 179 ¶ 17 (App. 1998). Applying this deferential standard—and given the absence of facts within the pleadings establishing

5

demand and denial under the 1982 Water Agreement occurring between 2016 and 2022—we conclude Gregg's declaratory judgment cause of action relating to rights he asserts under the 1982 Water Agreement did not accrue until 2022. As such, his claim is timely under either a two-year or four-year statute of limitation and the court erred in finding it barred.

¶15 Hassayampa argues that "[Gregg's] own filings admit . . . rejection occurred in 2017," thus establishing an injury and accrual. We reject Hassayampa's argument that accrual occurred in 2017 because this proposition occurs nowhere within the pleadings. Indeed, it appears to rely on an allegation expressed only in a statement made by Gregg's counsel during oral argument before the court. To the extent Hassayampa requests that we treat this statement as a judicial admission, it has failed to provide us with any Arizona authorities that allow us to consider a judicial admission when ruling on a motion for judgment on the pleadings and we have found none. Thus, we decline to consider the statement in our analysis.

¶16 And in any event, the alleged 2017 rejection did not reference Gregg's assertion of rights specifically under the 1982 Water Agreement. Instead, context suggests that Gregg's counsel was referring to denial of Gregg's demands under the Corrective Deed and Assignment of Membership Interest, both of which relate to the 1983 Co-Op. Because Gregg's complaint does not allege that Gregg made this demand in 2017 and received the denial of his asserted rights in 2018, the deferential standard of review means Hassayampa's argument is unavailing. *See Luchanski*, 193 Ariz. at 179 ¶ 17.

¶17 We further reject the court's reasoning that Gregg's reversionary rights theory did not "reset the statute of limitations" or give him a new claim. Gregg's assertion of reversionary rights, and thus any injury to those rights, derives exclusively from the 1982 Water Agreement. To the extent that this document does confer such reversionary rights upon Gregg, his claim under it is separate and distinct from his assertion of rights under the Corrective Deed and Assignment of Membership Interest to the 1983 Co-Op. Additionally, Gregg's reversionary rights theory is not predicated on the 2017 Co-Op's administrative dissolution, but rather on the permanent dissolution of the 1983 Co-Op, rendering the 2017 Co-Op irrelevant in this analysis. Thus, because Gregg's cause of action asserting his reversionary rights theory did not accrue until 2022, his claim is not barred by the statute of limitations.

¶18         However, to the extent that the court's finding that Gregg's cause of action accrued in "late 2017 or early 2018, [when] Gregg knew [Hassayampa was] denying him rights he obtained from the Bruehl Trust," refers to Gregg's second theory—i.e., that he has water rights under the Corrective Deed and Assignment of Membership Interest to the 1983 Co-Op—we agree with the court that such a claim is barred by the statute of limitations. Further, Gregg has waived any arguments on appeal as to this second theory. Gregg does not make any arguments or identify record support for this theory. Moreover, he contended in his brief and at oral argument that "[t]he trial court's analysis is built on an erroneous belief that . . . Gregg seeks relief under the [Assignment of Membership Interest] and [Corrective Deed]," rather than the 1982 Water Agreement. This language further demonstrates Gregg's abandonment of the second theory, and he has waived it. *Dawson v. Withycombe*, 216 Ariz. 84, 111 ¶ 91 (App. 2007) (concluding an argument not raised in appellant's opening brief is waived). We affirm the court's grant of judgment on the pleadings as to this second theory only.

### B.    Gregg's Reversionary Rights Claim Is Not Barred by Claim Preclusion.

¶19         Hassayampa also argues that Gregg's claims are precluded by the 2015 lawsuit. Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Clem v. Pinal Cnty.*, 251 Ariz. 349, 353 ¶ 8 (App. 2021) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 703, 713 (9th Cir. 2001)). To establish claim preclusion, the defendant must prove "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *Peterson v. Newton*, 232 Ariz. 593, 595 ¶ 5 (App. 2013) (quoting *In re Gila River*, 212 Ariz. 64, 69–70 ¶ 14 (2006)). Under the "same evidence" test, the first element of identity of claims is met "when no additional evidence is needed to prevail in the second action than that needed in the first." *Lawrence T. v. Dep't of Child Safety*, 246 Ariz. 260, 265 ¶ 17 (App. 2019) (citation modified). Because we conclude there is no identity of claims, we do not address the other two elements.

¶20         Hassayampa argues Gregg's reversionary rights theory is "factually foreclosed" by the 2015 lawsuit. Gregg counters that there is no identity of claims under the "same evidence test" because the current lawsuit requires different evidence than the 2015 lawsuit. We agree with Gregg.

**¶21** In its ruling on the 2015 lawsuit, the court granted summary judgment and declared that Gregg was not a member of the 1983 Co-Op. Here, by contrast, Gregg seeks declaratory relief that the 1983 Co-Op was permanently dissolved, and because of that permanent dissolution, he has a reversionary right to the water system through the 1982 Water Agreement. This claim is predicated on showing that Gregg has standing and reversionary rights under the 1982 Water Agreement, the 1983 Co-Op's permanent dissolution resulted in abandonment of the water system, and the 2017 Co-Op did not receive an assignment of interest in the water system from the 1983 Co-Op. These matters are unrelated to the issue of Gregg's claims to membership and rights in the 1983 Co-Op, and consequently, were not relevant to, or decided, during the 2015 lawsuit. Because the current lawsuit requires different evidence, there is no identity of claims. *Id.*

**¶22** Hassayampa argues "the trial court concluded that [Gregg's] current theory, that the Well Equipment reverted to subdivision property owners, was or should have been raised" in the 2015 lawsuit. But Gregg had no reason to know he should have asserted a reversionary rights theory in 2015. Gregg's theory is predicated on the permanent dissolution of the 1983 Co-Op, which could not occur until six years after its administrative dissolution, and then only if the 1983 Co-Op was not reinstated. A.R.S. § 10-11422. The 1983 Co-Op was administratively dissolved in November 2010. It could not be permanently dissolved until November 2016, six months after judgment was granted in the 2015 lawsuit. Thus, Gregg's reversionary rights claim could not have been raised in the 2015 lawsuit, and his claim is not precluded.

### C. Gregg's Reversionary Rights Claim Is Not Barred by Issue Preclusion.

**¶23** Hassayampa also argues that the 2015 lawsuit "estopped [Gregg] from asserting any claim to the Co-Op's rights or infrastructure." We reject Hassayampa's argument that Gregg's claim is barred by issue preclusion.

**¶24** To succeed in the defense of issue preclusion, the defendant must show "(1) the issue at stake is the same in both proceedings; (2) the issue was actually litigated and determined in a valid and final judgment issued by a tribunal with competent jurisdiction; (3) the opposing party had a full and fair opportunity to litigate the issue and actually did so; and (4) the issue was essential to the judgment." *Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 254 Ariz. 485, 492 ¶ 24 (2023).

¶25        None of the elements of issue preclusion are present in the current lawsuit. The issue at stake in the 2015 lawsuit was whether Gregg was a member of the 1983 Co-Op, not whether he has a reversionary right to the water system under the 1982 Water Agreement. Further, Gregg's reversionary rights theory was not actually litigated and decided on by the court, nor was it essential to the court's judgment. Thus, issue preclusion does not bar Gregg's suit.

¶26        In sum, we affirm the court's grant of judgment on the pleadings as to Gregg's declaratory judgment claim regarding his rights under the Corrective Deed and Assignment of Membership Interest to the 1983 Co-Op. However, Gregg's declaratory judgment claim regarding his rights under the 1982 Water Agreement is not barred by the statute of limitations, claim preclusion, or issue preclusion. Thus, we vacate the court's grant of judgment on the pleadings as to that claim and remand for further proceedings.

## II.        Attorneys' Fees

¶27        Gregg contends the superior court erred in granting Hassayampa its requested attorneys' fees. We review an award of attorneys' fees, "including the court's determination of the prevailing or successful party[,]" for abuse of discretion and will affirm if there is any reasonable basis for the award. *Crowe v. Gierst*, ___ Ariz. ___, ___, 567 P.3d 759, 761–62 ¶ 7 (App. 2025) (citation modified).

¶28        The court awarded attorneys' fees pursuant to A.R.S. Section 12-341.01(A), which states that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Because we partially vacate the court's grant of judgment on the pleadings and remand for further proceedings, it is premature to determine the successful party in this litigation. Accordingly, we vacate the court's award of attorneys' fees without prejudice to revisit an award on remand.

## III.        Attorneys' Fees and Costs on Appeal

¶29        Gregg requests attorneys' fees and costs on appeal, pursuant to A.R.S. Sections 12-341 and -341.01. Hassayampa also seeks attorneys' fees and costs pursuant to A.R.S. Sections 33-420(A) and -341.01(A). We deny both requests for attorneys' fees because there is no "successful party" on appeal, as we remand this case back to the superior court to address the merits. *See Cravens v. Montano*, ___ Ariz. ___, ___, 567 P.3d 745, 754–55 ¶ 39–40 (2025) (reversing superior court's grant of summary judgment but

denying attorneys' fees requested pursuant to A.R.S. Section 12-341.01 "because neither party is the successful party at this stage of the proceedings"). But, because we reverse in favor of Gregg, we award him his costs on appeal upon his compliance with Arizona Rules of Civil Appellate Procedure 21. *See Doe I ex rel. Fleming & Curti PLC v. Warr*, ___ Ariz. ___, ___, 566 P.3d 342, 353 ¶ 33 (App. 2025) (reversing summary judgment but granting appellants costs on appeal as the prevailing party).

## CONCLUSION

**¶30** We vacate the court's grant of judgment on the pleadings as to Gregg's reversionary rights theory but affirm the judgment as to Gregg's alternative theory regarding his rights under the Corrective Deed and the Assignment of Membership Interest in the 1983 Co-Op. We also vacate the court's award of attorneys' fees to Hassayampa, deny both parties attorneys' fees on appeal, and award Gregg his costs on appeal upon his compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR